**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09 C 7639** |
| | ) | |
| **GLENN GUTNAYER CONSTRUCTION,** | ) | |
| **INC. and ARNULFO VALDOVINOS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nautilus Insurance Company ("Nautilus") has sued Glenn Gutnayer Construction, Inc. ("GGC") and Arnulfo Valdovinos, seeking a declaratory judgment that Nautilus has no duty to defend or indemnify GGC in connection with a lawsuit filed in state court by Valdovinos against GGC. GGC has counterclaimed for a declaratory judgment that Nautilus has a duty to defend and indemnify GGC in the Valdovinos lawsuit. The Court has jurisdiction based on diversity of citizenship.

Nautilus has moved for summary judgment. In response, GGC asks the Court to deny Nautilus's motion, grant GGC declaratory relief, dismiss as unripe Nautilus's claim for declaratory relief as to indemnity, and enter an order requiring Nautilus to reimburse GGC for the attorney's fees and costs it has incurred in both lawsuits.

For the reasons stated below, the Court denies Nautilus's motion, grants declaratory relief to GGC, dismisses Nautilus's indemnity claim as premature, and denies in part GGC's claim for fees and costs.

**Background**

GGC is a residential real estate developer. It has no employees or equipment but instead hires subcontractors to perform its work. GGC owned and developed a single-family home located at 1590 Hawthorne Lane in Highland Park, Illinois ("1590 Hawthorne").

In 2008, GGC purchased an insurance policy from Nautilus to protect itself against potential liability arising out of its operations at 1590 Hawthorne between February 1, 2008 and February 1, 2009. The policy required Nautilus to "pay those sums that [GGC] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Pl.'s Rule 56.1 Stmt., Ex. E at 10 ("Pl.'s Stmt."). The policy defined "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id.* at 21.

The policy included an endorsement entitled "Exclusion – Injury to Employees, Contractors, Volunteers and Workers" (the "employee exclusion") that contained the following language:

This insurance does not apply to:

e. Employer's Liability

"Bodily injury" to:

(1) An 'employee' of any insured arising out of and in the course of:

(a) Employment by any insured; or

(b) Performing duties related to the conduct of any insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether any insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the Injury.

Pl.'s Stmt., Ex. E at 38. The employee exclusion also contained its own definition of "employee" to replace the definition used elsewhere in the policy:

> 'Employee' is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of 'employee' will not modify the provisions of **Section II – Who Is An Insured**.

*Id.* (emphasis in original). The employee exclusion thus excluded coverage with respect to bodily injuries sustained by any person in the process of directly or indirectly providing services to GGC.

On approximately August 21, 2009, Valdovinos filed a lawsuit in state court in Lake County, Illinois. Pl.'s Stmt., Ex. A. He alleged that on December 5, 2008 he was invited onto the work site at 1590 Hawthorne by an employee of a GGC subcontractor, American Classic Enterprises ("ACE"). *Id.* at 3. That same day, he fell into a hole in the property's floor and sustained injuries. *Id.* at 4. Valdovinos alleged various breaches of GGC's "duty to exercise reasonable care for the safety of workers and other persons

3

lawfully invited upon the premises." *Id.* at 3-4. On July 23, 2010, Valdovinos amended

his state court complaint by adding ACE as a defendant. GGC's Rule 56.1 Stmt., Ex. A

("GGC's Stmt."). Nautilus seeks a declaration that it need not defend or indemnify GGC

in the Valdovinos lawsuit because, in light of the employee exclusion, Valdovinos's

injuries are not within the policy's coverage.

<b>Discussion</b>

On a motion for summary judgment, the Court draws "all reasonable inferences

from undisputed facts in favor of the nonmoving party and [views] the disputed evidence

in the light most favorable to the nonmoving party." *Harney v. Speedway*

*SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment is appropriate "where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**1.      Duty to defend claim**

The parties appear to agree that Illinois law governs the case. To determine

whether an insurer has a duty to defend its insured, the Court must "compare the factual

allegations of the underlying complaint . . . to the language of the insurance policy."

*Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010). "If the

facts alleged in the underlying complaint fall within, or potentially within, the policy's

coverage, the insurer's duty to defend arises." *Id.* (internal quotation marks omitted);

*Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 394, 620

N.E.2d 1073, 1079 (1993) (same). The "burden of proving that a claim falls within an exclusion" to an insurance policy falls on the insurer. *Hurst-Rosche Eng'rs v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995). An insurer can decline to defend its insured only if, "from the face of the complaint, the allegations are clearly outside the bounds of the policy coverage." *Nat'l Case Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). The Court construes the complaint's allegations liberally in favor of Gutnayer. *General Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 155, 828 N.E.2d 1092, 1098 (2005).

Valdovinos alleges in his complaint that he was injured while he was present at 1590 Hawthorne as an invitee of GGC's subcontractor. This is plainly an allegation of "bodily injury," as that term is defined in the policy. Valdonvinos's complaint contains no other allegations suggesting what Valdovinos was doing when he was injured or why he was invited—in other words, whether he was directly or indirectly providing any services to GGC. Therefore, the complaint, standing alone, provides no factual basis for applying the employee exclusion.

Nautilus nevertheless argues that, based on other evidence, the employee exclusion is applicable and precludes any coverage with respect to Valdovinos's claims. As noted above, "[t]he general rule, recited in case after case, is that it is only the allegations in the underlying complaint, considered in the context of the relevant policy provisions, which should determine whether an insurer owes a duty to defend an action brought against an insured." *Lexmark Int'l, Inc. v. Transp. Ins. Co.*, 327 Ill. App. 3d 128, 136, 761 N.E.2d 1214, 1221 (2001) (internal quotation marks omitted). Despite this, some courts have considered extrinsic evidence "when it does not impact upon the

5

underlying plaintiff's ability to pursue a theory of liability or resolve any issue critical to the insured's liability in the underlying litigation." *Id.* at 136, 761 N.E.2d at 1222 (internal quotation marks omitted). Nautilus contends that the Court can look beyond Valdovinos's complaint because the applicability of the employee exclusion depends solely on whether Valdovinos was providing services to GGC when he was injured, and a finding to this effect "would not affect any party's claims or defenses in the Valdovinos Lawsuit." Pl.'s Reply 11.

The Court disagrees. As the Illinois Supreme Court has recognized, "it is inappropriate to resolve a declaratory judgment action in such a manner as would bind the parties in the underlying litigation on any issues therein." *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 387, 739 N.E.2d 445, 451 (2000). Were this Court to use extrinsic evidence to determine that Valdovinos was working when he was injured, such a determination could preclude GGC from arguing in state court that Valdovinos was a mere guest at 1590 Hawthorne. *See Gumma v. White*, 216 Ill. 2d 23, 38, 833 N.E.2d 834, 843 (2005) (providing the elements of collateral estoppel). Though Nautilus argues that this would not affect GGC's claims or defenses, the Court is not confident that its resolution of this issue would have no ramifications in the state court proceeding, where Valdovinos's status and conduct at the work site could be highly significant. For this reason, the Court will not look beyond Valdovinos's complaint for evidence on whether he was directly or indirectly providing services to GGC when he was injured.

Valdovinos's complaint states a claim that is potentially within the coverage of the insurance policy Nautilus sold to GGC. It is inappropriate for the Court to consider extrinsic evidence on this point. Accordingly, the allegations of the complaint control,

6

and Nautilus has a duty to defend GGC in the Valdovinos lawsuit.

## 2. Duty to indemnify claim

Nautilus also seeks a declaration that it has no duty to indemnify GGC in the Valdovinos lawsuit. GGC argues that this claim is unripe, and the Court agrees. As the Illinois Supreme Court has explained, "an insurer's duty to indemnify arises only after damages are fixed." *General Agents Ins. Co.*, 215 Ill. 2d at 165, 828 N.E.2d at 1103; *see also Grinnell Mut. Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("Illinois treats arguments about the duty to indemnify as unripe until the insured has been held liable"). Because the Valdovinos lawsuit is unresolved, the amount of damages GGC owes to Valdovinos, if any, has yet to be fixed. The Court therefore dismisses, without prejudice, Nautilus's claim for a declaratory judgment on indemnity. *See Medical Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) (noting that where "duty-to-indemnify claim was not ripe," the "proper disposition" was dismissal as opposed to a stay of the action).

## 3. Attorney's fees and costs claim

In addition to its request for fees and costs in the Valdovinos lawsuit, GGC asks the Court to enter an order requiring Nautilus to reimburse GGC for its fees and costs in the present action. Because the Court concludes that Nautilus has a duty to defend GGC in the Valdovinos lawsuit, GGC is entitled to reimbursement for reasonable fees and costs incurred in defending that case. *See Fireman's Fund Ins. Co. v. Pierre-Louis*, 367 Ill. App. 3d 790, 856 N.E.2d 649 (2006) (affirming judgment that insurer with duty to defend insured in underlying lawsuit must reimburse insured for fees and costs incurred in defending that lawsuit). GGC is not, however, entitled to reimbursement for the fees

7

and costs it incurred in the present case.  As the vast majority of Illinois cases have held, "in the absence of vexatious behavior by the insurer, an insured may not recover attorney fees incurred in bringing a declaratory judgment action against the insurer to establish coverage." *Waitzman v. Classic Syndicate, Inc.*, 271 Ill. App. 3d 246, 256, 648 N.E.2d 104, 110-11 (1995) (citing cases).  GGC has made no showing that Nautilus brought this action vexatiously or in bad faith.

### Conclusion

For the reasons stated above, the Court denies Nautilus's motion for summary judgment with regard to its duty to defend claim [docket no. 69].  The Court dismisses as unripe Nautilus's duty to indemnify claim.  GGC's claim for fees and costs is denied in part.  It would appear that it is appropriate at this point to enter a judgment dealing with both the duty to defend claim and the duty to indemnify claim.  Counsel are directed to discuss this prior to the next court date.  The case is set for a status hearing on February 17, 2011 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  February 7, 2011