**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09 C 7639 |
| ) | |
| **GLENN GUTNAYER CONSTRUCTION,** ) | |
| **INC., and ARNULFO VALDOVINOS,** ) | |
| ) | |
| **Defendants.** ) | |

**REVISED
MEMORANDUM OPINION AND ORDER**[1]

MATTHEW F. KENNELLY, District Judge:

Nautilus Insurance Company ("Nautilus") has sued Glenn Gutnayer Construction, Inc. ("GGC") and Arnulfo Valdovinos, seeking a declaratory judgment that Nautilus has no duty to defend or indemnify GGC in connection with a lawsuit filed in state court by Valdovinos against GGC. GGC has counterclaimed for a declaratory judgment that Nautilus has a duty to defend and indemnify GGC in the Valdovinos lawsuit. The Court has jurisdiction based on diversity of citizenship.

Nautilus has moved for summary judgment. In response, GGC asks the Court to deny Nautilus's motion, grant GGC declaratory relief, dismiss as unripe Nautilus's claim for declaratory relief as to indemnity, and enter an order requiring Nautilus to reimburse GGC for the attorney's fees and costs it has incurred in both lawsuits. In reply, Nautilus

---

[1] The Court has revised this decision following consideration of plaintiff's motion to reconsider the Court's original decision, dated February 7, 2011, in which the Court (among other things) granted summary judgment for defendant on plaintiff's declaratory judgment claim regarding its duty to defend under the insurance policy it issued.

says that if the Court declines to consider certain evidence that Nautilus has offered relating to the Valdovinos lawsuit, it should stay the present case pending resolution of the state court case.

For the reasons stated below, the Court stays the case pending the state court's resolution of the Valdovinos lawsuit and terminates without prejudice Nautilus's motion for summary judgment.

**Background**

GGC is a residential real estate developer. It has no employees or equipment but instead hires subcontractors to perform its work. GGC owned and developed a single-family home located at 1590 Hawthorne Lane in Highland Park, Illinois ("1590 Hawthorne").

In 2008, GGC purchased an insurance policy from Nautilus to protect itself against potential liability arising out of its operations at 1590 Hawthorne between February 1, 2008 and February 1, 2009. The policy required Nautilus to "pay those sums that [GGC] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Pl.'s Rule 56.1 Stmt., Ex. E at 10 ("Pl.'s Stmt."). The policy defined "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *Id.* at 21.

The policy included an endorsement entitled "Exclusion – Injury to Employees, Contractors, Volunteers and Workers" (the "employee exclusion") that contained the following language:

This insurance does not apply to:

e. Employer's Liability

> "Bodily injury" to:
>
> (1) An 'employee' of any insured arising out of and in the course of:
>
> (a) Employment by any insured; or
>
> (b) Performing duties related to the conduct of any insured's business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies:
>
> (1) Whether any insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the Injury.

Pl.'s Stmt., Ex. E at 38. The employee exclusion also contained its own definition of "employee" to replace the definition used elsewhere in the policy:

> "Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of 'employee' will not modify the provisions of **Section II – Who Is An Insured**.

*Id.* (emphasis in original). The employee exclusion thus barred liability coverage with respect to bodily injuries sustained by any person in the process of directly or indirectly providing services to GGC.

On approximately August 21, 2009, Valdovinos filed a lawsuit in state court in Lake County, Illinois. Pl.'s Stmt., Ex. A. He alleged that on December 5, 2008 he was

3

invited onto the work site at 1590 Hawthorne by an employee of a GGC subcontractor, American Classic Enterprises ("ACE"). *Id.* at 3. That same day, he fell into a hole in the property's floor and sustained injuries. *Id.* at 4. Valdovinos alleged various breaches of GGC's "duty to exercise reasonable care for the safety of workers and other persons lawfully invited upon the premises." *Id.* at 3-4. On July 23, 2010, Valdovinos amended his state court complaint by adding ACE as a defendant. GGC's Rule 56.1 Stmt., Ex. A ("GGC's Stmt."). Nautilus seeks a declaration that it need not defend or indemnify GGC in the Valdovinos lawsuit because, in light of the employee exclusion, Valdovinos's injuries are not within the policy's coverage.

## Discussion

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway SuperAmerica*, *LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

1.  **Duty to defend claim**

The parties appear to agree that Illinois law governs the case. To determine whether an insurer has a duty to defend its insured, the Court must "compare the factual allegations of the underlying complaint . . . to the language of the insurance policy."

*Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." *Id.* (internal quotation marks omitted); *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 394, 620 N.E.2d 1073, 1079 (1993) (same). The "burden of proving that a claim falls within an exclusion" to an insurance policy falls on the insurer. *Hurst-Rosche Eng'rs v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995). An insurer can decline to defend its insured only if, "from the face of the complaint, the allegations are clearly outside the bounds of the policy coverage." *Nat'l Case Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). The Court construes the complaint's allegations liberally in favor of Gutnayer. *General Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 155, 828 N.E.2d 1092, 1098 (2005).

Valdovinos alleges in his complaint that he was injured while he was present at 1590 Hawthorne as an invitee of GGC's subcontractor. This is plainly an allegation of "bodily injury," as that term is defined in the policy. The complaint contains no other allegations suggesting what Valdovinos was doing when he was injured or why he was invited—in other words, whether he was directly or indirectly providing any services to GGC. Therefore, the complaint, standing alone, provides no factual basis for applying the employee exclusion.

Nautilus nevertheless argues that, based on other evidence, the employee exclusion is applicable and precludes any coverage with respect to Valdovinos's claims. As noted above, "[t]he general rule, recited in case after case, is that it is only the allegations in the underlying complaint, considered in the context of the relevant policy

5

provisions, which should determine whether an insurer owes a duty to defend an action brought against an insured." *Lexmark Int'l, Inc. v. Transp. Ins. Co.*, 327 Ill. App. 3d 128, 136, 761 N.E.2d 1214, 1221 (2001) (internal quotation marks omitted). Despite this, some courts have considered extrinsic evidence "when it does not impact upon the underlying plaintiff's ability to pursue a theory of liability or resolve any issue critical to the insured's liability in the underlying litigation." *Id.* at 136, 761 N.E.2d at 1222 (internal quotation marks omitted). Nautilus contends that the Court can look beyond Valdovinos's complaint because the applicability of the employee exclusion depends solely on whether Valdovinos was providing services to GGC when he was injured, and a finding to this effect "would not affect any party's claims or defenses in the Valdovinos Lawsuit." Pl.'s Reply 11.

The Court determines that it is inappropriate to consider the extrinsic evidence and enter judgment in Nautilus's favor on this point. The Illinois Supreme Court has stated that "it is inappropriate to resolve a declaratory judgment action in such a manner as would bind the parties in the underlying litigation on any issues therein." *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 387, 739 N.E.2d 445, 451 (2000). Were this Court to use extrinsic evidence at this stage to determine that Valdovinos was working when he was injured, such a determination could preclude GGC from arguing in state court that Valdovinos was a mere guest at 1590 Hawthorne. *See Gumma v. White*, 216 Ill. 2d 23, 38, 833 N.E.2d 834, 843 (2005) (providing the elements of collateral estoppel). Though Nautilus argues that this would not affect GGC's claims or defenses, the Court is not confident that its resolution of this issue would be without ramifications in the state court case. Valdovinos's conduct at the work site is likely to be a matter of

dispute in that case, making it inappropriate to hem GGC in by deciding the point in the context of the present declaratory judgment action.

GGC argues that the Court should decide the duty to defend issue based exclusively on the state court complaint and should find that Nautilus has a duty to defend. The Court concludes that the proper course of action is to stay the present case pending resolution of Valdovinos's state court lawsuit. The Illinois Appellate Court has expressed approval of this course of action "when the issues in the underlying suit and the declaratory-judgment action are the same." *Economy Fire & Cas. Co. v. Brumfield*, 384 Ill. App. 3d 726, 733, 894 N.E.2d 421, 428 (2008); *see also id.* ("[A]n insurer does not breach its duty to defend because the underlying case proceeded to judgment before the declaratory judgment action was resolved"). In this case, the central issue—whether Valdovinos was directly or indirectly providing services for GGC when he was injured—is subject to dispute in the underlying lawsuit. A stay will allow the Court to resolve this issue later, without limiting the parties' claims and defenses in that case. The Court thus terminates on Nautilus's motion for summary judgment, without prejudice to renewal once the Valdovinos lawsuit is resolved.

### 2. Duty to indemnify claim

Nautilus also seeks a declaration that it has no duty to indemnify GGC in the Valdovinos lawsuit. Because the Court is staying the case pending the resolution of that case in state court, the Court will also defer its determination as to Nautilus's duty to indemnify. *See General Agents*, 215 Ill. 2d at 165, 828 N.E.2d at 1103 ("[A]n insurer's duty to indemnify arises only after damages are fixed").

7

### 3. Attorney's fees and costs claim

The Court likewise stays further proceedings regarding GGC's claim for reimbursement of its attorney's fees and expenses in the present action.

### Conclusion

For the reasons stated above, the Court grants plaintiff's motion for modification of its February 7, 2011 decision [# 83] and terminates without prejudice plaintiff's motion for summary judgment [# 69]. The Court's February 7, 2011 decision, reported at 2011 WL 578845, is hereby vacated. The case is stayed pending resolution of the underlying state court lawsuit. A status hearing is set for July 7, 2011 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 4, 2011